# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANWAR SHARIF ALI,  :  | |
|     Plaintiff,  :  | |
| :  | |
| v.  :  | CIVIL ACTION NO. 19-CV-0280 |
| :  | |
| KYLE PAUP, *et al.*,  :  | |
|     Defendants.  :  | |

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                                             **MARCH   27, 2019**

     *Pro se* Plaintiff Anwar Sharif Ali, who is currently incarcerated at the George W. Hill Correctional Facility, has filed this civil action pursuant to 42 U.S.C. § 1983 against several individuals and entities, raising claims related to his arrest, detention, and prosecution on pending state charges.  (ECF No. 2.)  He has also filed a Motion for Leave to Proceed *In Forma Pauperis*.  (ECF No. 4.)  For the following reasons, the Court will grant Ali leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend as to certain Defendants.

## I.  FACTS

     Public dockets reflect that Ali is facing charges of intentional possession of a controlled substance by a person not registered to do so, possession of marijuana, use/possession of drug paraphernalia, resisting arrest, obstructing the administration of law, and one count of defiant trespassing.[1]  *Commonwealth v. Doe*, Docket No. CP-23-CR-0002546-2018 (Delaware Cty.

---

[1] Ali was initially charged with two counts of defiant trespassing, but one count was withdrawn on June 22, 2018.  *Commonwealth v. Doe*, Docket No. CP-23-CR-0002546-2018 (Delaware Cty. Common Pleas).

Common Pleas).[2]  The docket reflects that the Commonwealth is represented by Cassandra Marie Taylor, and that John Joseph Flannery Jr. has been appointed to represent Ali.  *Id.*  Magisterial District Judge Gregory J. Loftus presided over preliminary proceedings, and Judge James Bradley is presiding over the proceedings in the Court of Common Pleas.  *Id.*  Ali's trial is scheduled to begin on March 18, 2019.  *Id.*

## II.  STANDARD OF REVIEW

The Court will grant Ali leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the Complaint.  *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452

---

[2] Ali's filings indicate that he is being held under the pseudonym John Doe.  A search of public dockets reflects that Ali has been charged under that name, with an a/k/a of Anwar Shariff Ali. *See Commonwealth v. Doe*, Docket No. CP-23-CR-0002546-2018 (Delaware Cty. Common Pleas).

[3] However, as Ali is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

F.3d 256, 260 (3d Cir. 2006).  As Ali is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  As discussed below, Ali fails to state a claim for relief at this time against many of the Defendants named in his Complaint.

### 1. Claims Against the Commonwealth of Pennsylvania

Ali has named the Commonwealth of Pennsylvania as a Defendant in this matter.  The Commonwealth, however, is entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and is not considered a "person" subject to liability under that statute.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Accordingly, Ali cannot maintain his claims against the Commonwealth.

### 2. Claims Against Judges Frank Hazel, Gregory J. Loftus, Leonard Tenaglia, Jack D. Lippart, and James Bradley; Jane Doe Clerk in the District Court of Darby, Jane Doe Clerk in the District Court of Collingdale, John Doe Clerk in the Delaware County Court of Common Pleas, Jane Doe Clerk in the Courtroom of Judge Bradley

Ali has also sued Magisterial District Judges Gregory J. Loftus, Leonard Tenaglia, and Jack D. Lippart, as well as Court of Common Pleas Judges Frank Hazel and James Bradley, based upon actions they have allegedly taken in his criminal proceedings.  He also sued several court clerks.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v.*

3

*Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  A clerk of court is absolutely immune for discretionary acts and court personnel receive qualified immunity for nondiscretionary acts.  *Gary v. Gardner*, 445 F. App'x 465, 467 (3d Cir. 2011) (citing *Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009).  Here, Ali has sued Magisterial District Judges Loftus, Tenaglia, and Lippart, as well as Judge Bradley, based on actions they have taken with their judicial capacity.  He has sued the court clerks based upon discretionary acts.  Accordingly, judicial immunity applies and there is no legal basis for Ali's lawsuit against these Defendants.

### 3. Claims Against Defense Attorneys

Ali has also named the Delaware County Public Defender Association and John S. Flannery (misspelled "Slannery"), his court-appointed counsel, as Defendants in this matter.  Ali cannot maintain his constitutional claims against the Delaware County Public Defender Association and Flannery, however, because they are not state actors for purposes of § 1983.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Lewis v. Mainer*, No. 16-CV-1674, 2016 WL 10956506, at *5 (E.D. Pa. Aug. 23, 2016) (holding

4

that Defender Association is not state actor) (citing *Polk*); *see also Allen v. Commonwealth of Pennsylvania Common Pleas*, 512 F. App'x 136, 137 (3d Cir. 2013) (finding no arguable basis to challenge the district court's decision that Defender Association is not a state actor). Thus, the Court must dismiss Ali's claims against the Defender Association and Flannery.

### 4. Claims Against Brittany Green, Cassandra Taylor, John Whelan, Katayoun Copeland, and the John and Jane Doe District Attorneys

Ali also seeks to proceed against Brittany Green, Cassandra Taylor, former District Attorney John Whelan, Katayoun Copeland, and six John and Jane Doe district attorneys. Prosecutors, however, are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). As Ali's claims against these individuals are based on conduct that occurred in the course of their prosecutorial capacity, his claims against them are barred by absolute immunity.

### 5. Claims Against Police Officers

Ali seeks to proceed against Kyle Paup and Devon Smith, who are apparently Sharon Hill, Pennsylvania police officers, and Thayer John McCauley, "Hughes," "Qawasmy," and "Felker," who are apparently Collingdale, Pennsylvania police officers. These claims arise from two apparently separate incidents. In the first, Paup and Smith approached Ali and his girlfriend because the girlfriend's car was left idling in a parking lot while she collected her child's belongings from another car. (Compl. ¶¶ 3-6.) He alleges that the girlfriend's personal liberties were infringed by the stop. This claim is not plausible because, to establish standing to sue, a

5

"litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982); *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 538 (3d Cir. 1994). The balance of the claim against Paup and Smith appears to allege that they subjected Ali to a false arrest and transported him to the Darby Police Station. (Compl. ¶¶ 6-15.) Defendants McCauley, Hughes, Qawasmy and Felker allegedly made an investigative stop of Ali, frisked him, had a complaining witness identify him, found a "ziplock bag containing herbs," and falsely arrested him. (Compl. ¶¶ 47-56.)

These claims are not properly brought at this time. Under the doctrine of abstention developed in *Younger v. Harris*, 401 U.S. 37 (1971), there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The specific elements of *Younger* abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). All three *Younger* criteria are met in the allegations regarding Ali's false arrest claims. First, his claims concern the separate pending criminal case. Second, based upon the fact that he is attempting to raise issues concerning the validity of his arrests, the proceeding clearly implicates important state interests. Third, the state criminal forum affords Ali an adequate opportunity to raise his federal law issues, such as his key claim that he was arrested on both occasions without probable cause. Moreover, Ali has requested injunctive relief that would clearly interfere with the pending state court criminal

6

proceeding. (*See* Compl. ¶ 249(a) (seeking injunction against the Court of Common Pleas and other defendants "for the purpose of preventing [because of violation of his constitutional rights] a prosecutorial action undertaken in fraud that is without hope of obtaining a lawful conviction.")). Accordingly, the Court concludes that Ali's claim against the police officers implicates the doctrine of abstention promulgated in *Younger*. Therefore, the Court must abstain from these claims, which will be dismissed without prejudice.

### 6. Claims Against Police Departments and Delaware County

Ali also seeks to proceed against the Sharon Hill Police Department, the Collingdale Police Department and Delaware County. Police departments are agencies of their municipalities and municipalities, including counties, cannot be held liable for the conduct of employees pursuant to *respondeat superior*. *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *Hatfield v. Berube*, 714 F. App'x. 99, 102 n.1 (3d Cir. 2017) ("Pennsylvania county offices . . . are treated as municipalities for purposes of *Monell*.") (citing *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013)). Rather, a municipality "can be sued directly under § 1983 . . . [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by [the municipality's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690. Therefore, in order to properly state a § 1983 claim against a county or police department, a plaintiff must allege that it unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights. Ali has failed to properly state a claim against the Sharon Hill Police Department, the Collingdale Police Department and Delaware County, as required by *Monell*, since he does not sufficiently state that the Defendants caused any alleged

7

constitutional violation by having customs, policies, practices and procedures, and how these policies gave rise to the violation of his constitutional rights.

The United States Court of Appeals for the Third Circuit has held that a plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Although Ali's complaint is lengthy, disjointed, difficult to understand, and contains mostly irrelevant discussions of alleged legal fictions and sovereign citizen assertions, the Court cannot say at this stage of the case that he is incapable of restating certain of his claims in a way that would not be futile. If he so choses to continue with these claims, Ali would be wise to direct his energies toward a simple recitation of the facts supporting his claims — who specifically caused him harm, in what specific way, at what specific time and place — and avoid invocations of alchemistic, archaic, and irrelevant formalisms that are unlikely to bring him relief in *any* court of law. Accordingly, Ali's claims against the Sharon Hill Police Department, the Collingdale Police Department and Delaware County will be dismissed without prejudice and Ali will be granted leave to amend his Complaint to attempt to state a *Monell* claim by specifically alleging an unconstitutionally implemented or executed policy statement, ordinance, regulation, decision or custom that lead to a violation of his constitutional rights.

### 7. Claims Against Prison Officials

Defendants John Hosier, James Sheilds, William H. Clinger, III, Thomas Danzi, Edward T. Lawlor, Jr., and Robert Diorio are described as the "Delaware County-Municipal Corporation, Board of Prison Inspectors." (Compl. ¶ 140.) However, other than irrelevant discussions of

8

alleged legal fictions and sovereign citizen verbiage, Ali asserts no facts to demonstrate these individuals took any act that caused him harm. Although Ali is proceeding *pro se*, and the Court accordingly construes his allegations liberally, since he fails to allege any arguable basis in law or fact regarding these named Defendants, the Complaint will be dismissed without prejudice as to Clinger, III, Danzi, Lawlor, Jr., and Diorio and the Court will grant Ali leave to amend to attempt to cure this defect.

Defendant John A. Reilly is identified as the warden of George W. Hill Correctional Facility. Ali does not appear, however, to allege that Reilly was personally involved in any constitutional violation or that he was responsible on the basis of supervisory liability. Supervisory liability can be pled in two ways. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). First, "personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Second, a supervisor can be liable under § 1983 if he "implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor's failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct." *Argueta*, 643 F.3d at 72 (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)). Ali has failed to allege either basis by which a court may hold a warden responsible based on supervisory liability. While he alleges that he filed grievances that were neglected, he does not specify that Reilly was the supervisor that ignored them. More importantly, there is no constitutional right to a grievance system for incarcerated individuals. *See Jones v. N. C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977) (providing that the law is well settled that there is no

constitutional right to a grievance procedure); *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) ) ("Prisoners do not have a constitutional right to prison grievance procedures.). Accordingly, the claim against Reilly is also dismissed.

The Court cannot, however, say at this stage of the case that he is incapable of restating certain of his claims in a way that would not be futile. Again, Ali is cautioned that, if he so choses to continue with this claim, he should limit himself to a simple recitation of the facts supporting his claim and avoid invocations of alchemistic, archaic, and irrelevant formalisms that are unlikely to bring him relief in *any* court of law. Accordingly, Ali's claim against Reilly will also be dismissed without prejudice and Ali will be granted leave to amend his Complaint to attempt to state a claim against Reilly.

Ali has also named as Defendants the GEO Group, and the following officials at George W. Hill Correctional Facility: George Christopher Zoley, Brian Connelly, "Racquel," "D. Moore," "R. Kroll," Tiffany Thomas, Saleem Jones, "Moody," Dana Keith, "Navero," and Jennifer Smith. He alleges he sent a notice to Zoley challenging a misconduct report and Zoley opened "legal" mail sent to Ali by his wife. (Compl. ¶ 156, 157, 169.) Racquel allegedly never responded to his Requests to Staff sent to her asking why he was placed in the mental health unit. (*Id.* ¶ 163.) D. Moore allegedly told him he did not know why Ali was assigned to the mental health unit. (*Id.* ¶ 162.) R. Kroll, Moody and Saleem Jones are alleged to have placed Ali in an intake cell with just a metal bench, that had no access to water, and was covered in feces and urine. (*Id.* ¶ 148.) Tiffany Thomas allegedly told Ali that he was in that cell because he refused to give his name and cooperate with giving his fingerprints and photograph. (*Id.* ¶ 149.) Dana Keith and Jennifer Smith allegedly denied Ali access to the prison law library. (*Id.* ¶ 171.)

Scanning the voluminous Complaint, the Court finds no substantive allegation against Brian Connelly or "Navero."

The allegations against Connelly, D. Moore and Navero do not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. There are no substantive allegations against Connelly and Navero, and D. Moore is not alleged to have taken any action that plausibly violated Ali's rights. The claims against these Defendants will also be dismissed without prejudice and Ali will be granted leave to amend.

The claim that Dana Keith and Jennifer Smith denied Ali access to the prison law library also fails to state a claim. The public record of Ali's criminal case reflect that he is represented by counsel. Prisoners do not have an independent constitutional right to law library access; the availability of a law library is merely "one constitutionally accepted method to assure meaningful access to the courts." *Bounds v. Smith*, 430 U.S. 817, 830 (1977); *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (stating *Bounds* did not create an "abstract, freestanding right to a law library or legal assistance"). The relevant inquiry is whether the prisoner has been given a "reasonably adequate opportunity" to present his claim to the courts. *Bounds*, 430 U.S. at 825. Numerous courts have therefore dismissed access to court challenges where the inmate, like Ali, was represented by counsel, despite the fact that the inmate lacked access to the prison law library. *See, e.g., Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir.1991) (denying access to court claim because inmate was represented by counsel for the entire length of pretrial detention); *Davis v. Milwaukee County*, 225 F. Supp .2d 967, 973 (E.D. Wis. 2002) (rejecting access to court claim because inmate had access to a court-appointed attorney). Accordingly, the claims against Dana Keith and Jennifer Smith are dismissed with prejudice.

GEO Group, a private corporation under contract to provide prison health services at George W. Hill Correctional Facility, may be liable under section 1983 if that entity's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983); *French v. The GEO Grp., Inc.*, Civ. A. No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility."); *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *3, n.5 (E.D. Pa. Mar. 11, 2009) ("For purposes of Plaintiff's § 1983 claims, Defendant GEO Group, a private company, was acting under the color of state law since it provided daily functional services for the Delaware County Prison."). As previously stated, to assert a plausible claim under section 1983 against this type of entity, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). Ali has not tied any of the conditions of which he complains to a custom or policy of the GEO Group. Accordingly, the Complaint as currently pled does not state a plausible claim under section 1983 against the GEO Group. Nonetheless, as it is possible that Ali could cure this pleading defect in an amended complaint, the GEO Group will be dismissed without prejudice and the Court will grant Ali leave to amend.

The Court will allow Ali to proceed on his claims against Defendants George Christopher Zoley, "Racquel," "R. Kroll," Tiffany Thomas, Saleem Jones, and "Moody" at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will (1) grant Ali leave to proceed *in forma pauperis*; (2) dismiss his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants Commonwealth of Pennsylvania, Frank Hazel, Gregory J. Loftus, Leonard Tenaglia, Jack D. Lippart, James Bradley, Jane Doe Clerk in the District Court of Darby, Jane Doe Clerk in the District Court of Collingdale, John Doe Clerk in the Delaware County Court of Common Pleas, and Jane Doe Clerk in the Courtroom of Judge Bradley, Dana Keith and Jennifer Smith; (3) dismiss his Complaint without prejudice as to Defendants Paup, Devon Smith, McCauley, Hughes, Qawasmy and Felker; (4) dismiss his Complaint without prejudice and with leave to amend as to Defendants Sharon Hill Police Department, Collingdale Police Department, Delaware County, John Hosier, James Sheilds, William H. Clinger, III, Thomas Danzi, Edward T. Lawlor, Jr., Robert Diorio, John A. Reilly, GEO Group, Brian Connelly, D. Moore, and Navero. Ali is granted leave to file an amended complaint within thirty (30) days if he can cure the defects noted above. If Ali choses to file a new version of his Complaint he is again admonished to (1) include all claims he wishes to pursue, (2) provide concise information about how each named Defendant allegedly violated his civil rights, and (3) dispense **entirely** with pseudo legal jargon and sovereign citizen verbiage.[4] An appropriate Order follows.

                                                             **BY THE COURT:**

                                                            **/s/ Jeffrey L. Schmehl**
                                                            **JEFFREY L. SCHMEHL, J.**

---

[4] The Court will defer serving the current version of the Complaint. If Ali does not file an amended pleading, the current version will be served on remaining Defendants when the period provided for filing the amended pleading expires. Any amended pleading will be subject to screening pursuant to 28 U.S.C. § 1915A.